**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROLANDO AGUIMATANG RUIZ,

                  Plaintiff,

vs.                                     Case No. 3:13-cv-1102-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                  Defendant.
_____/

**OPINION AND ORDER**[1]

**I.  Status**

        Rolando Aguimatang Ruiz ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB").  Plaintiff's alleged inability to work is as result of adjustment disorder; depression; urinary incontinence; and osteoarthritis of the knees.   Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed November 19, 2013, at 262.  On January 30, 2009, Plaintiff filed an application for DIB, alleging an onset disability date of October 26, 2006.  Tr. at 180-81, 204.[2]  Plaintiff's application was denied initially, see Tr. at 77, 80, 81-82, and was denied upon reconsideration, see Tr. at 78, 79, 87-88.

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed November 20, 2013; Reference Order (Doc. No. 12), signed November 21, 2013 and entered November 22, 2013.

[2]     The application summary is dated April 21, 2010 and states that Plaintiff completed his application on March 4, 2010.  Tr. at 180.  Plaintiff's "[p]rotective [f]iling [d]ate," however, is listed elsewhere in the administrative transcript as January 30, 2009.  Tr. at 204.

On August 23, 2011, an Administrative Law Judge ("ALJ") convened a hearing; advised Plaintiff (who was representing himself) of his right to be represented; and continued the hearing so that Plaintiff could attempt to obtain representation.  Tr. at 66-76.  On December 22, 2011, the ALJ held a second hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  Tr. at 38-65.  At the time of the hearing, Plaintiff was fifty-three (53) years old.  Tr. at 46.  The ALJ issued a Decision on February 10, 2012, finding Plaintiff not disabled through date of the Decision.  Tr. at 23-32.

After the ALJ's Decision was issued, the Appeals Council received from Plaintiff, and incorporated into the administrative transcript, some additional evidence in the form of a letter from Plaintiff's counsel dated March 28, 2012; a letter from the Department of Veteran's Affairs ("VA") dated October 6, 2011; and a Disability Rating Decision and other correspondence from the VA dated July 29, 2011 and October 6, 2011, respectively.  Tr. at 4-5, 294, 776-79 (correspondence), 780-93 (decision).  On July 22, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On September 10, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff advances three arguments on appeal.  See Plaintiff's Brief (Doc. No. 16; "Pl.'s Br."), filed February 20, 2014, at 1.  First, Plaintiff argues the ALJ improperly discredited or otherwise ignored the opinions of non-examining psychologists, which resulted in the ALJ erroneously determining that Plaintiff does not suffer from a severe mental impairment. Pl.'s

Br. at 1, 10-15.  Second, Plaintiff contends the ALJ erred in discounting the opinion of his treating psychiatrist. Id. at 1, 15-19.  Third, Plaintiff asserts the ALJ and the Appeals Council erred in failing to properly analyze Plaintiff's 100% VA disability rating.  Id. at 1, 19-24.  On April 21, 2014, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") responding to Plaintiff's arguments.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[3]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step sequential inquiry. <u>See</u> Tr. at 25-32.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 26, 2006, the alleged onset date."  Tr. at 25 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: coronary artery disease, hypertension, arthritis in both knees, and benign prostatic hyperplasia."  Tr. at 25 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 27 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) in that he can lift and carry 10 pounds frequently and 20 pounds occasionally and sit and stand or walk for 6 hours each in an 8 hour day, but he would be limited to no more than occasional climbing ladders, ropes, scaffolds, ramps, or stairs, balancing, kneeling, or crawling; stooping or crouching; he should avoid concentrated exposure to cold, humidity, and hazards; and should be allowed a 5-minute bathroom break every hour throughout an 8-hour work day.

Tr. at 28 (emphasis omitted).  At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work . . . as a gas turbine mechanic[.]"  Tr. at 31 (some emphasis and citation omitted).  At step five, the ALJ considered Plaintiff's age (forty-eight (48) years old on the alleged disability date), education ("at least a high school education"), work experience, and RFC, and determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  Tr. at 31 (emphasis and citation omitted).  Relying on the testimony of the VE, the ALJ identified as representative jobs "[m]ail

-4-

clerk," "[o]ffice [h]elper," and "[l]aundry sorter[.]" Tr. at 32.  The ALJ concluded that Plaintiff "has not been under a disability . . . from October 26, 2006, through the date of th[e D]ecision." Tr. at 32 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff advances three arguments on appeal.  The main focus of the appeal is Plaintiff's mental condition.  The undersigned addresses the third argument (relating to the VA disability rating) and concludes that reversal and remand is necessary for further consideration of all of the evidence of record.  Given this conclusion, and given that reconsideration of the evidence in light of the Court's overall findings is likely to impact the findings at which Plaintiff's remaining arguments on appeal are aimed, it is unnecessary to substantively address Plaintiff's remaining arguments.[4]  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).  A discussion follows.

It is evident from the transcript of the hearing that the ALJ was aware of at least a 90% VA disability rating prior to the hearing, including 10% for Plaintiff's "mental condition." Tr. at 44.  During the hearing, Plaintiff's counsel advised the ALJ that the overall VA disability rating had increased to 100%, with Plaintiff's mental condition being 30% instead of 10%. Tr. at 44-45.  The ALJ kept the record open for fourteen days for the evidence of the 100% VA disability rating to be submitted.  Tr. at 45.

---

[4]    Even though the rest of Plaintiff's arguments are not separately addressed by the undersigned, to a degree, they are inextricably intertwined with the argument that is addressed.

For whatever reason, the 100% VA disability rating did not make its way into the administrative transcript until after the ALJ issued her Decision.  See Tr. at 4 (Appeals Council Exhibit List showing that the evidence was submitted to the Council).  Presumably because the 100% rating had not been submitted, the ALJ did not reference or otherwise discuss it in the Decision.  Tr. at 23-32.  Nor did the ALJ reference or discuss the 90% VA disability rating that she knew about prior to the hearing.  Tr. at 23-32.  As far as Plaintiff's alleged mental impairment and its effects, the ALJ found Plaintiff's depression is not a severe impairment, and she declined to assign any work-related functions as a result of the depression in the RFC assessment.  Tr. at 26-28.

The October 6, 2011 100% VA disability rating, including a 30% rating for "dysthymic disorder," was received by the Appeals Council and made part of the administrative transcript.  Tr. at 776-93 (the most recent rating percentages are located at pages 776-78). Although submitted after the ALJ's Decision was issued, the rating was assigned during the time period at issue in the Decision.  Yet, the Appeals Council denied review, issuing a form denial decision without any discussion of the evidence and the 100% VA disability rating.[5] See Tr. at 1-3.

"'Although the V.A.'s disability rating is not binding on the [Commissioner of the Social Security Administration], it is evidence that should be given great weight.'"  Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quoting Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th

---

[5]        Although it is not entirely free from doubt, a thorough explanation of why the Appeals Council denies review does not appear to be required.  See Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832 (11th Cir. 2013) (stating that "[c]ontrary to [the claimant's] assertion, nothing requires the A[ppeals] C[ouncil] to further explain its denial of review . . .").  An explanation surely would help a subsequent reviewing Court though, especially in a situation such as this one.

Cir. 1981));[6] see also 20 C.F.R. § 404.1504; Adams v. Comm'r of Soc. Sec., 542 F. App'x 854, 856 (11th Cir. 2013) (citation omitted).  Plaintiff contends that both the ALJ and the Appeals Council erred in failing to analyze his 100% VA disability rating.  Pl.'s Br. at 19-24. Defendant responds that the 100% rating was not timely submitted to the ALJ; that the Appeals Council properly denied review even after receiving evidence of the 100% VA disability rating; and the VA disability rating is not binding on the Social Security Administration.  Def.'s Mem. at 14-17.  Defendant also contends that "remand to have the ALJ specifically consider the VA rating would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources."  Id. at 17 (citations omitted).

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant[.]"  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)).  Further, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  Id. (quoting 20 C.F.R. § 404.970(b)).  In the event the Appeals Council considers new evidence but denies review, and a claimant then challenges the Appeals Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous.  See id. at 1263, 1266-67; see also Levie, 514 F. App'x at 832-33 (citation omitted); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir.

---

[6]    In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

2012) (citation omitted); <u>Coleman v. Comm'r of Soc. Sec.</u>, 454 F. App'x 751, 754 (11th Cir. 2011) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous") (citation omitted).  In other words, to obtain a remand from a federal district court under sentence four of 42 U.S.C. § 405(g), "[a] claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." <u>Timmons v. Comm'r of Soc. Sec.</u>, 522 F. App'x 897, 902 (11th Cir. 2013) (citing <u>Ingram</u>, 496 F.3d at 1266-67).

Upon review of the evidence of the 100% VA disability rating submitted to the Appeals Council in light of the other evidence contained in the administrative transcript, the undersigned finds that the Appeals Council's denial of review was erroneous and the denial of benefits is not supported by substantial evidence.  <u>See id.</u> (citing <u>Ingram</u>, 496 F.3d at 1266-67).  Accordingly, remand is required for consideration of all of the evidence, including the evidence submitted to the Appeals Council.  The reasons for these findings follow.

The 100% VA disability rating should be given "great weight."  <u>See, e.g.</u>, <u>Brady</u>, 724 F.2d at 921.  Yet, the undersigned cannot be sure on this record that it was given any weight at all.  <u>See Rodriguez v. Schweiker</u>, 640 F.2d 682, 686 (5th Cir. 1981) (commenting that "[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ"); <u>cf.</u> <u>Adams</u>, 542 F. App'x at 857 (affirming decision to deny social security benefits when "the record show[ed] that [the ALJ] expressly considered and closely scrutinized" a VA disability rating); <u>Kemp v. Astrue</u>, 308 F. App'x 423, 426 (11th Cir. 2009) (affirming decision to deny social security benefits when the ALJ "continuously refer[ed] to the VA's evaluations and

disability rating throughout the evaluation process," "relied on the VA records and referenced the disability ratings, in addition to the rest of the relevant evidence, throughout his decision," and "gave specific reasons for why the VA's 30% disability rating based on PTSD did not qualify the condition as a severe impairment under the SSA guidelines"). The VA assigned a 30% disability rating based upon Plaintiff's dysthymic disorder alone, which tends to conflict with the following findings of the ALJ: (1) Plaintiff's depression is not a severe impairment; and (2) the depression has no effect on Plaintiff's ability to perform work-related functions.

Further, the ALJ discounted the opinion of Plaintiff's treating psychiatrist Hazem Herbly, M.D. in part due to it being "incongruous with the record as a whole" and assigned only "marginal weight" to the opinion of non-examining psychologist Gary Buffone, Ph.D., ADPP because it is supposedly "inconsisten[t] with the balance of the evidence." Tr. at 30. Yet, the ALJ and the Appeals Council did not anywhere acknowledge a second non-examining opinion, authored by Angeles Alvarez-Mullin, M.D., that was consistent with Dr. Buffone's opinion. See Tr. at 529-45 (Dr. Buffone's opinion), 583 (Dr. Alvarez-Mullin's opinion). When the VA disability rating is combined with the across-the-board medical source opinions (one of which was not even addressed) that Plaintiff's depression has at least some effect on his ability to perform work, the result is that the ALJ's Decision is not supported by substantial evidence in the record.

## V.  Conclusion

After due consideration, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this

matter with the following instructions:

      (A)     Reevaluate the evidence of record, including the evidence submitted to

           the Appeals Council; and

      (B)     Take such other action as may be necessary to resolve this matter

           properly.

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure

that any § 406(b) fee application be filed within the parameters set forth by the Order entered

in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under

42 U.S.C. §§ 406(b) and 1383(d)(2)).

    **DONE AND ORDERED** at Jacksonville, Florida on September 26, 2014.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of record